UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00402

———

**Justin Tatum,**
*Plaintiff,*

v.

**American Amicable Life Insurance Company of Texas,**
*Defendant.*

———

**O R D E R**

Plaintiff, proceeding pro se, brought this action against defendant for violations of the Telephone Consumer Protection Act (TCPA). Doc. 1. Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 11. The case was referred to a magistrate judge, who issued a report recommending that defendant's motion to dismiss (Doc. 11) be granted, plaintiff's federal claims against defendant be dismissed with prejudice, and that plaintiff's state-law claims be dismissed without prejudice. Doc. 17 at 10. Plaintiff filed objections to the report. Doc. 18.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When the objections are improper, "the court need only satisfy itself that there is no clear

error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff launches six objections: (1) the TCPA claims should not be dismissed with prejudice, (2) the magistrate judge misapplied the Rule 12(b)(6) standard, (3) the magistrate judge improperly treated multiple calls as isolated events, (4) the magistrate judge failed to properly consider the ratification allegations, (5) the magistrate judge improperly dismissed the complaint without granting leave to amend, and (6) plaintiff's inadvertent citation errors are not grounds for Rule 11 sanctions.

First, plaintiff filed his original complaint in October 2025. Doc. 1. Defendant moved to dismiss that complaint (Doc. 6); thereafter, plaintiff filed an amended complaint. Doc. 7. Defendant again moved to dismiss this complaint. Doc. 11. Plaintiff then refiled what appears to be an exact copy of his first amended complaint. *Compare* Doc. 7 *with* Doc. 13; *see also* Doc. 17 at 1 n.1 (noting same). Thus, plaintiff has had three opportunities to file a viable complaint and failed all three times. A court may dismiss a claim without granting leave to amend if a "plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Thus, the court overrules plaintiff's first and fifth objections.

Second, plaintiff objects that the magistrate judge applied too stringent of pleading standards and failed to address futility. Doc. 18 at 2. Upon review of the report, there is no indication that a more stringent pleading standard was applied or that the magistrate judge did not provide the liberal deference afforded pro-se litigants when pleading. Plaintiff's allegations are conclusory and not plausibly alleged. Plaintiff had an opportunity to respond to the motion to dismiss, and he failed to do so. Plaintiff's response was his opportunity to address any pleading deficiencies raised by the motion and to request leave to amend. Plaintiff did neither; he merely corrected his response to a prior motion to dismiss. *See* Doc. 12. The magistrate judge liberally construed that document

in his favor as a response to the instant motion. Doc. 17 at 2. The magistrate judge applied the correct standard. *Id.* at 2–3. Thus, plaintiff's second objection is overruled.

Third, plaintiff objects that the magistrate judge improperly treated multiple calls as isolated events. Doc. 18 at 2–3. However, this misconstrues the magistrate judge's analysis. The report found that "[t]he court cannot presume that the prior 33 calls were made by or on behalf of [defendant] when the content of the calls is not factually alleged in the complaint, no speaker is identified, and each number is different with none expressly linked to any particular speaker" or any individual associated with defendant, absent the final call. Doc. 17 at 6. Plaintiff's objections do not dispute this finding. *See* Doc. 18 at 3. Thus, plaintiff's third objection is overruled.

Fourth, plaintiff objects that the magistrate judge did not properly consider plaintiff's ratification allegations. *Id.* However, the report spends nearly a full-page addressing plaintiff's ratification allegations. Doc. 17 at 7. Having reviewed the magistrate judge's reasoning, the court finds no error and agrees. Plaintiff failed to plead a proper ratification theory. Plaintiff's fourth objection is overruled.

Lastly, neither plaintiff's response nor his objections suggest how these allegations could be cured to state a claim based upon the circumstances. Under these circumstances, further amendment would be speculative and futile. Moreover, the court has concerns that further attempts to amend would continue to abuse the resources of the court and the defendant through plaintiff's continued use of generative artificial intelligence that thus far has included citations to several phantom cases. *See* Doc. 17 at 8–10. Plaintiff's sixth and final objection is overruled. Defendant is warned that further use of generative artificial intelligence without checking the citations that the artificial intelligence produces will result in sanctions.

Accordingly, plaintiff's objections are without merit. Having reviewed the report and finding no error, the court accepts its

findings and recommendations. Defendant's motion to dismiss (Doc. 11) is granted. Plaintiff's federal claims are dismissed with prejudice for failure to state a claim and plaintiff's state claims are dismissed without prejudice for lack of pendent jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on February 2, 2026.*

J. CAMPBELL BARKER
United States District Judge